**EXHIBIT B**

UNITED STATES OF AMERICA
DEPARTMENT OF THE TREASURY
COMPTROLLER OF THE CURRENCY
WASHINGTON, D.C.

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
WASHINGTON, D.C.

FEDERAL DEPOSIT INSURANCE CORPORATION
WASHINGTON, D.C.

OFFICE OF THRIFT SUPERVISION
WASHINGTON, D.C.

FEDERAL HOUSING FINANCE AGENCY
WASHINGTON, D.C.

In the Matter of:

MERSCORP, Inc., and the
Mortgage Electronic Registration Systems, Inc.,
Reston, Virginia

OCC No. AA-EC-11-20
Board of Governors
Docket Nos. 11-051-B-SC-1,
11-051-B-SC-2
FDIC-11-194b
OTS No. 11-040
FHFA No. EAP-11-01

STIPULATION AND CONSENT TO THE ISSUANCE
OF A CONSENT ORDER

The Comptroller of the Currency of the United States of America ("Comptroller" or "OCC"), and the Board of Governors of the Federal Reserve System ("Board of Governors"), the Federal Deposit Insurance Corporation ("FDIC"), the Office of Thrift Supervision ("OTS"), and the Federal Housing Finance Agency ("FHFA") (collectively the "Agencies") intend to impose a cease and desist order on the Mortgage Electronic Registration Systems, Inc. ("MERS"), and its parent company, MERSCORP, Inc. ("MERSCORP"), pursuant to 12 U.S.C. § 1818(b),12 U.S.C. § 1867(c)-(d), and 12 U.S.C. § 4631, for certain deficiencies and unsafe or unsound practices by MERS and MERSCORP that present financial, operational, compliance, legal and reputational risks to MERSCORP and MERS, and to MERSCORP's members.

MERS and MERSCORP, in the interest of compliance and cooperation, enter into this Stipulation and Consent to the issuance of a Consent Order ("Stipulation") and consent to the issuance of a Consent Order, dated April 13, 2011 ("Consent Order");

In consideration of the above premises, the Agencies, through their authorized representatives, and MERS and MERSCORP, through their duly elected and acting Boards of Directors, stipulate and agree to the following:

ARTICLE I
JURISDICTION

For purposes of this Stipulation and the Consent Order:

(1) MERS and MERSCORP are providers of services to depository institutions regularly examined by, or subsidiaries or affiliates of depository institutions subject to examination by the OCC, the Board of Governors, the FDIC, the OTS, and other appropriate Federal banking agencies, within the meaning of the Bank Service Company Act of 1962, 12 U.S.C. § 1867(c).

(2) MERS and MERSCORP are each an "institution-affiliated party" within the meaning of 12 U.S.C. § 1813(u), and are each an "entity-affiliated party" within the meaning of 12 U.S.C. § 4502(11).

MERS Stipulation

2

(3) The OCC, the Board of Governors, FDIC and OTS examined the services provided by MERS and MERSCORP to national banks and other financial institutions pursuant to the provisions of 12 U.S.C. § 1867(c).

(4) The Agencies have authority to enter into this Consent Order pursuant to 12 U.S.C. §§ 1818(b), 1867(e)-(d) and 4631.

## ARTICLE II
## AGREEMENT

(1) MERS and MERSCORP, without admitting or denying any wrongdoing, consent and agree to issuance of the Consent Order by the Agencies.

(2) MERS and MERSCORP consent and agree that the Consent Order shall:
(a) be deemed an "order issued with the consent of the . . . institution-affiliated part[ies]" pursuant to 12 U.S.C. § 1818(h)(2) and an order to which an entity-affiliated party consents pursuant to 12 U.S.C. § 4632(a)(4); and (b) become effective upon its execution by the Agencies through their authorized representatives, and (c) be fully enforceable by the Agencies pursuant to 12 U.S.C. §§ 1818(i) and 1867(d), and 12 U.S.C. § 4631(c) and 4635.

(3) Notwithstanding the absence of mutuality of obligation, or of consideration, or of a contract, the Agencies may enforce any of the commitments or obligations herein undertaken by MERS or MERSCORP under their supervisory powers, including 12 U.S.C. §§ 1818(i) and 1867(c)-(d), and 12 U.S.C. §§ 4631 and 4635, and not as a matter of contract law. MERS and MERSCORP expressly acknowledge that MERS, MERSCORP, and the Agencies have no intention to enter into a contract.

MERS Stipulation

3

(4) MERS and MERSCORP declare that no separate promise or inducement of any kind has been made by the Agencies, or by their agents or employees, to cause or induce MERS or MERSCORP to consent to the issuance of the Consent Order and/or execute the Consent Order.

(5) MERS and MERSCORP expressly acknowledge that no officer or employee of the Agencies has statutory or other authority to bind the United States, the United States Treasury Department, the Agencies, or any other federal bank regulatory agency or entity, or any officer or employee of any of those entities to a contract affecting the Agencies' exercise of their supervisory responsibilities.

(6) The terms and provisions of the Stipulation and the Consent Order shall be binding upon, and inure to the benefit of, the parties hereto and their successors in interest. Nothing in this Stipulation or the Consent Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy or claim under this Stipulation or the Consent Order.

## ARTICLE III
## WAIVERS

(1) MERS and MERSCORP, by consenting to this Stipulation, waive:
(a) the issuance of a Notice of Charges pursuant to 12 U.S.C. §§ 1818(b) and 4631(c);
(b) any and all procedural rights available in connection with the issuance of the Consent Order;
(c) all rights to a hearing and a final agency decision pursuant to 12 U.S.C. §§ 1818(b) and (h), 12 U.S.C. § 1867, 12 C.F.R. Part 19, and 12 U.S.C. § 4631(c);

MERS Stipulation

4

(d) all rights to seek any type of administrative or judicial review of the Consent Order;

(e) any and all claims for fees, costs or expenses against the Agencies, or any of their agents or employees, related in any way to this enforcement matter or this Consent Order, whether arising under common law or under the terms of any statute, including, but not limited to, the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

(f) any and all rights to challenge or contest the validity of the Consent Order.

## ARTICLE IV
## OTHER PROVISIONS

(1) The provisions of this Stipulation shall not inhibit, estop, bar, or otherwise prevent the Agencies from taking any other action affecting MERS or MERSCORP if, at any time, it deems it appropriate to do so to fulfill the responsibilities placed upon it by the several laws of the United States of America.

(2) Nothing in this Stipulation shall preclude any proceedings brought by the Agencies to enforce the terms of this Consent Order, and nothing in this Stipulation constitutes, and neither MERS nor MERSCORP shall contend that it constitutes, a waiver of any right, power, or authority of any other representative of the United States or an agency thereof, including, without limitation, the United States Department of Justice, to bring other actions deemed appropriate.

(3) The terms of the Stipulation and the Consent Order are not subject to amendment or modification by any extraneous expression, prior agreements or prior arrangements between the parties, whether oral or written.

IN TESTIMONY WHEREOF, the undersigned, authorized by the signatory Agencies as their representatives, have hereunto set their hands on behalf of the Agencies.

OFFICE OF THE COMPTROLLER OF THE CURRENCY

/s/Joseph H. Evers                                                April 13, 2011
By: Joseph H. Evers                                                Date
    Deputy Comptroller for
    Large Bank Supervision

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM

/s/Jennifer J. Johnson                                             April 13, 2011
By: Jennifer J. Johnson                                            Date
    Secretary of the Board

FEDERAL DEPOSIT INSURANCE CORPORATION

/s/Thomas J. Dujenski                                              April 13, 2011
By: Thomas J. Dujenski                                             Date
    Regional Director
    Atlanta Regional Office

OFFICE OF THRIFT SUPERVISION

/s/Thomas A. Barnes
By: Thomas A. Barnes
Deputy Director
Examinations,
Supervisions and
Consumer Protection

April 13, 2011
Date

FEDERAL HOUSING FINANCE AGENCY

/s/Christopher H. Dickerson
By: Christopher H. Dickerson
Acting Deputy Director for Enterprise Regulation

April 13, 2011
Date

IN TESTIMONY WHEREOF, the undersigned, as the duly elected and acting Boards of Directors of MERS and MERSCORP, have hereunto set their hands on behalf of MERS and MERSCORP.

For MERSCORP:

/s/Diane Citron
Diane Citron
MERSCORP

April 12, 2011
Date

/s/John Courson
John Courson
MERSCORP

April 12, 2011
Date

/s/Joe Jackson
Joe Jackson
MERSCORP
MERS Signature

April 12, 2011
Date

7

/s/Brian McCracken
Brian McCracken
MERSCORP

April 12, 2011
Date

/s/Kurt Pfotenhauer
Kurt Pfotenhauer
MERSCORP

April 12, 2011
Date

/s/Robert Reynolds
Robert Reynolds
MERSCORP

April 12, 2011
Date

/s/Joseph Rossi
Joseph Rossi
MERSCORP

April 12, 2011
Date

/s/Steven Stein
Steven Stein
MERSCORP

April 12, 2011
Date

/s/Marianne Sullivan
Marianne Sullivan
MERSCORP

April 12, 2011
Date

/s/Larry Washington
Larry Washington
MERSCORP

April 12, 2011
Date

For MERS:

MERS Signature

8



/s/John Courson
John Courson
MERS

/s/Edward Kramer
Edward Kramer
MERS

/s/Kurt Pfotenhauer
Kurt Pfotenhauer
MERS

/s/Marianne Sullivan
Marianne Sullivan
MERS

/s/Joseph Rossi
Joseph Rossi
MERS

April 12, 2011
Date

April 12, 2011
Date

April 12, 2011
Date

April 12, 2011
Date

April 12, 2011
Date

MERS Signatories

6