**EXHIBIT C**

Case 2:09-cv-00149-JCC Document 155 Filed 03/15/11 Page 1 of 13

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTEN BAIN,

    Plaintiff,

v.

ONEWEST BANK, F.S.B; DEUTSCHE BANK NATIONAL TRUST COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; REGIONAL TRUSTEE SERVICES CORPORATION;

    Defendants.

Case No. C09-0149-JCC

ORDER

This matter comes before the Court on Defendant Mortgage Electronic Registration Systems, Inc's ("MERS") motion for summary judgment (Dkt. No. 88), Defendant Regional Trustee Services Corporation's ("Regional") motion for summary judgment (Dkt. No. 91), MERS's supplemental motion for summary judgment (Dkt. No. 120), Regional's supplemental motion for summary judgment (Dkt. No. 122), Defendant Deutsche Bank National Trust Company's ("Deutsche Bank") motion for partial summary judgment (Dkt. No. 131), Defendant OneWest Banks, F.S.B.'s ("OneWest") motion for summary judgment (Dkt. No. 132), and Deutsche Bank's additional motion for partial summary judgment (Dkt. No. 146), as well as the parties' various responses to the Court's order to show cause (Dkt. Nos. 140–44).

ORDER, C09-0149-JCC
PAGE - 1

Case 2:09-cv-00149-JCC Document 135 Filed 03/15/11 Page 2 of 13

Having thoroughly considered the parties' briefing and the relevant record, the Court grants in part several of Defendants' motions for summary judgment and stays this action pending the Washington Supreme Court's decision in *Vinluan v. Fidelity National Title & Escrow Co.*, No. 10-2-27688-2 SEA (King Cnty. Superior Ct. filed July 29, 2010).

I.  BACKGROUND

Plaintiff, a young woman with severe ADD, purchased a condominium in Everett, Washington, that she could not afford. Soon afterward, she defaulted on her mortgage payments. After the initiation of nonjudicial foreclosure proceedings, Plaintiff filed suit in Washington state court alleging that Defendants—a group of lending organizations, banks, and service providers—committed common-law torts and violated federal and Washington statutes in connection with their issuance and administration of a deed of trust and their subsequent attempted foreclosure on Plaintiff's home. (Compl. (Dkt. No. 2 at 49.)

Plaintiff executed a promissory note and deed of trust on March 9, 2007. IndyMac Bank, F.S.B. ("IndyMac"), was the lender on the promissory note. The deed of trust listed MERS as the beneficiary. The original trustee was Stewart Title Guaranty Co. After Plaintiff became delinquent on her payments, she received a Notice of Default from Regional. (Dkt. No. 112 at 5.) Thereafter, she received a Notice of Trustee's Sale. (*Id.*) Plaintiff successfully sought a restraining order in state court preventing the foreclosure. (Dkt. No. 1 at 19.)

Defendants thereafter removed the matter to this Court. (Notice of Removal 1–2 (Dkt. No. 1).)[1] On stipulation of the parties, the Court dismissed Plaintiff's claims against Defendant Metropolitan Mortgage Group, Inc. (Dkt. No. 31.) On March 11, 2010, the Court granted Lender Processing Services' motion for summary judgment and dismissed Plaintiff's claims

---

[1] Removal jurisdiction was predicated on the federal questions in the complaint as well as the fact that IndyMac Bank, F.S.B., one of the Defendants, went into receivership in 2008 with the Federal Deposit Insurance Corporation appointed as its receiver and successor in interest. Any civil suit in which the Federal Deposit Insurance Corporation, in any capacity, is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A).

ORDER, C09-0149-JCC
PAGE - 2

Case 2:09-cv-00149-JCC Document 153 Filed 03/15/11 Page 1 of 13

1. against it. (Dkt. No. 80.) And on June 9, 2010, the Court granted the Federal Deposit Insurance Corporation's motion for summary judgment and dismissed Plaintiff's claims against it. (Dkt. No. 108.) These actions left MERS and Regional as the only remaining defendants. Both parties thereafter filed separate motions for summary judgment. (Dkt. Nos. 88, 91.)

While those motions were pending, recently produced documents led Plaintiff to believe that Deutsche Bank was the holder of the promissory note secured by the deed of trust and serviced by OneWest. The Court granted Plaintiff's motion to amend her complaint (Dkt. No. 111), and Plaintiff added Deutsche Bank and OneWest to the amended complaint (Dkt. No. 112). In the light of Plaintiff's amended complaint, MERS and Regional supplemented their motions for summary judgment (Dkt. Nos. 120, 122).

Plaintiff alleges various errors in the assignments of the deeds of trust, for example, that MERS could not serve as the beneficiary of the deed of trust when it was not the lender on the promissory note nor received any benefits from that note. Plaintiff further alleges that because MERS could not, under Washington law, serve as the beneficiary on the deed of trust, MERS's assignment of the deed of trust to IndyMac (under a new identity) was also improper. And because the transfer to IndyMac was allegedly improper, so too was IndyMac's appointment of Regional as successor trustee improper. Plaintiff also alleges that the timing of the assignments of beneficiaries and trustees was erroneous, that is, that certain assignments occurred before the assignor had authority to act. But Plaintiff does not contest the delinquency of her payments under the promissory note.

In her amended complaint, Plaintiff stated that she would seek via separate motion an additional restraining order or preliminary injunction against Regional and Deutsche Bank to stop any foreclosure. (Dkt. No. 112 at 7–8.) Plaintiff has not so moved, but the state court's initial restraining order remains, to the Court's knowledge, in effect. Plaintiff also asserts against all Defendants a cause of action for intentional infliction of emotional distress by causing Plaintiff stress and anxiety as she faces the potential loss of her home. (*Id.* at 8–9.)

ORDER, C09-0149-JCC
PAGE - 3

Case 2:09-cv-00149-JCC Document 166 Filed 03/15/11 Page 4 of 13

1  Plaintiff asserts that all Defendants breached a fiduciary or quasi-fiduciary duty. (*Id.* at 9–10.)
2  Plaintiff further asserts against Deutsche Bank violations of the Truth in Lending Act for
3  IndyMac's initial alleged failure to provide a "Good Faith Estimate or a Truth in Lending
4  Disclosure document three days after Plaintiff submitted a loan application." (*Id.* at 10.)
5  Finally, Plaintiff asserts against all Defendants a cause of action for violations of Washington's
6  Consumer Protection Act. (*Id.* at 10–11.)

II. DISCUSSION

A. Legal Standard

The Court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment is appropriate against a nonmoving party who does not make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). That is, after the movant has carried its burden of demonstrating that there is no genuine issue of material fact, the burden shifts to the nonmovant, who must present a quantum of evidence such "that a reasonable jury could return a verdict" in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). In determining whether summary judgment is appropriate, the Court must view the facts in the light most favorable to the nonmoving party and draw reasonable inferences in its favor. *Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 784 (9th Cir. 2007).

B. OneWest

In response to OneWest's motion for summary judgment, Plaintiff stated that upon further review of documentation, she should not have substituted OneWest into this civil

ORDER, C09-0149-JCC
PAGE - 4

Case 2:09-cv-00149-JCC   Document 155   Filed 03/15/11   Page 5 of 13

action. (Dkt. No. 145 at 1–2.) Plaintiff represented that she would file a motion to dismiss OneWest, but to date she has not. On the basis of Plaintiff's representation, however, the Court dismisses all of Plaintiff's claims against OneWest without prejudice.

**C. Truth in Lending Act**

The Court grants Deutsche Bank's motion for summary judgment on Plaintiff's TILA cause of action.

According to the amended complaint, Plaintiff did not receive a Good Faith Estimate or other disclosure documents at the time she received her loan. (*Id.* at 4.) Claims for monetary damages under TILA are subject to a one-year statute of limitations, subject to equitable tolling. 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ."). "Where a party allegedly fails to make TILA-required disclosures, the date of the violation is the date that the loan documents are signed." *Ulyanchuk v. Bank of Am., N.A.*, No. C10-0554 MJP, 2010 WL 2803047, at *2 (W.D. Wash. July 15, 2010); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed."); *NLRB v. Don Burgess Constr. Corp.*, 596 F.2d 378, 382 (9th Cir. 1979) ("The general rule applicable to federal statutes of limitations is that a limitation period begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." (punctuation omitted)). Plaintiff's loan closed in March 2007. (Dkt. No. 112 at 4.) Plaintiff did not file her action until December 2008, well past the one-year deadline. (Dkt. No. 1 at 67.) At best, Plaintiff contends that the statute of limitations should be tolled because there are allegations of fraudulent concealment. (Dkt. No. 138 at 5.) Yet Plaintiff provides no evidence of fraud, nor does Plaintiff's complaint allege fraud. Accordingly, the Court declines to toll the statute of limitations and dismisses the TILA claim against Deutsche Bank.

ORDER, C09-0149-JCC
PAGE - 5

Case 2:09-cv-00149-JCC Document 155 Filed 03/15/11 Page 6 of 13

### D. Intentional Infliction of Emotional Distress

The Court grants Defendants' motions for summary judgment on Plaintiff's cause of action for intentional infliction of emotional distress.

In her amended complaint, Plaintiff alleges that "[b]y their conduct described in this Complaint, all of the Defendants have committed the tort of intentional infliction of emotional distress by causing her stress and anxiety as she faces the potential loss of her home." (Dkt. No. 112 at 9.) Plaintiff accuses MERS and Regional of improperly transferring the beneficiary and trustee status with respect to the deed of trust. Plaintiff also argues that even if MERS was a proper beneficiary, the appointment of Regional as trustee was improper. Because IndyMac signed an Appointment of Successor Trustee to Regional *before* MERS signed the Assignment of the Deed of Trust to IndyMac, Plaintiff submits that Regional was not properly appointed as the trustee and therefore did not have legal authority to initiate a foreclosure. Plaintiff makes no similar allegations against Deutsche Bank.

In Washington, the tort of intentional infliction of emotional distress[2] requires that a plaintiff prove three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress. *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003) (citing cases). The first prong requires that the defendant have engaged in behavior "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal punctuation omitted) (citing *Grimsby v. Samson*, 530 P.2d 291 (Wash. 1975) and Restatement (Second) of Torts § 46 cmt. d).

The Court concludes that none of Defendants' alleged actions rises to a level of extreme or outrageous conduct. *See Strong v. Terrell*, 195 P.3d 977, 981–82 (Wash. App. 2008) ("Although

---

[2] In Washington, "outrage" and "intentional infliction of emotional distress" are synonyms for the same tort. *Kloepfel v. Bokor*, 66 P.3d 630, 631 n.1 (Wash. 2003).

ORDER, C09-0149-JCC
PAGE - 6

Case 2:09-cv-00149-JCC Document 154 Filed 02/15/11 Page 7 of 13

1  these elements are generally factual questions for the jury, a trial court faced with a summary
2  judgment motion must first determine whether reasonable minds could differ on whether the
3  conduct was sufficiently extreme to result in liability."). With respect to MERS, Plaintiff asserts
4  throughout the amended complaint that MERS never maintained a beneficiary interest and that
5  MERS is not a beneficiary as defined by the Washington Deed of Trust Act. Indeed, this Court
6  pauses at MERS's assertion that it may, in a case like this, serve as a beneficiary under
7  Washington's Deed of Trust Act. But even if Washington law does not permit MERS to serve as
8  the beneficiary, nothing in the amended complaint or Plaintiff's summary-judgment responses
9  plausibly suggests that MERS's conduct was so outrageous in character, and so extreme in degree,
10 as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly
11 intolerable in a civilized community. Courts in other states have concluded that MERS acts
12 appropriately in serving as the beneficiary; it remains, at best, an open question of law in
13 Washington. The courts may disagree on whether MERS may act as a beneficiary, but reasonable
14 minds could not differ in concluding that MERS's conduct falls well short of the standard for a
15 claim of intentional infliction of emotional distress.

16       The same is true for Regional. Plaintiff alleges that there was an error in the foreclosure
17 process when a representative of IndyMac signed an appointment of successor trustee before the
18 assignment of the deed of trust was signed. But the documents became effective only when they
19 were both recorded on the same day. *See* Wash. Rev. Code § 61.24.010(2) ("Only upon recording
20 the appointment of a successor trustee in each county in which the deed of trust is recorded, the
21 successor trustee shall be vested with all powers of an original trustee."). Even if the timing of the
22 original signature was improper, neither that conduct nor Regional's conduct as it relates to
23 MERS's status as the beneficiary rises to a level of extreme or outrageous behavior.

24       Plaintiff makes even fewer allegations with respect to Deutsche Bank. At best, Plaintiff
25 asserts that improper foreclosure tactics *may* serve as the basis for intentional infliction of
26 emotional distress. To support her position, Plaintiff cites an unpublished decision of the Ninth

ORDER, C09-0149-JCC
PAGE - 7

Circuit that upheld a bankruptcy court's finding of intentional infliction of emotional distress during foreclosure. *See Jared v. Keahey (In re Keahey)*, No. 09-6000, 2011 WL 288966 (9th Cir. Jan. 31, 2011). Aside from the fact that this unpublished decision is not binding on this Court, Plaintiff concedes that the facts of this case are not similarly egregious as those in *Keahey*. None of Deutsche Bank's conduct as alleged by Plaintiff rises to a level of extreme or outrageous behavior.[3] Accordingly, the Court dismisses Plaintiff's cause of action for intentional infliction of emotional distress.

### E. Breach of Fiduciary Duty

The Court grants Deutsche Bank's and MERS's motions for summary judgment on Plaintiff's claim of breach of fiduciary duty.

Quite simply, "[t]he general rule in Washington is that a lender is not a fiduciary of its borrower; a special relationship must develop between a lender and a borrower before a fiduciary duty exists." *Miller v. U.S. Bank of Wash., N.A.*, 865 P.2d 536, 543 (Wash. Ct. App. 1994). Although a "quasi-fiduciary relationship may exist where the lender has superior knowledge and information, the borrower lacks such knowledge or business experience, the borrower relies on the lender's advice, and the lender knew the borrower was relying on the advice," *id.*, there is no allegation that Deutsche Bank or MERS advised Plaintiff regarding the loan or that Plaintiff relied on any such advice. In fact, Plaintiff's complaint asserts misrepresentations from her mortgage broker, a party with whom Plaintiff has settled her claims. (Dkt. No. 31.) Accordingly, neither Deutsche Bank nor MERS owed Plaintiff a fiduciary or quasi-fiduciary duty.

Plaintiff's claim against Regional as the trustee takes a different course. The duty owed by a trustee to a borrower under Washington law is (or at least was) not obvious. Prior to June

---

[3] Nor does Plaintiff cite to any evidence indicating that any of the Defendants intentionally or recklessly inflicted the emotional distress. *See Kloepfel*, 66 P.3d at 632.

ORDER, C09-0149-JCC
PAGE - 8

Case 2:09-cv-00149-JCC Document 155 Filed 03/15/11 Page 9 of 13

12, 2008, the Washington Supreme Court held that

> a trustee of a deed of trust is a fiduciary for both the mortgagee and mortgagor and must act impartially between them. The trustee is bound by his office to present the sale under every possible advantage to the debtor as well as to the creditor. He is bound to use not only good faith but also every requisite degree of diligence in conducting the sale and to attend equally to the interest of the debtor and creditor alike.

*Cox v. Helenius*, 693 P.2d 683, 686 (Wash. 1985). However, the state legislature amended the deed of trust act in 2008. Now, a trustee "shall have no fiduciary duty or fiduciary obligation to . . . persons having an interest in the property" but shall have "a duty of good faith to the borrower, beneficiary, and grantor." Wash. Rev. Code § 61.24.010. Accordingly, Regional owed Plaintiff a duty of good faith, not a fiduciary duty.

Regional may have breached its duty of good faith by attempting to foreclose on Plaintiff's property because Regional may not have been properly appointed as the successor trustee empowered with the authority to foreclose. That is, if MERS could not serve as the beneficiary of the deed of trust under Washington law, as Plaintiff so alleges, then MERS's assignment of the deed of trust to IndyMac was erroneous. And because the transfer to IndyMac would therefore be erroneous, so too would IndyMac's appointment of Regional as successor trustee be erroneous. Essentially, Plaintiff's claim depends on MERS's ability to serve as the beneficiary of the deed of trust.

This Court does need to add even more pages to the legal discourse discussing whether MERS may serve as a beneficiary in deeds of trust generally. *Compare, e.g., Silvas v. GMAC Mortg., LLC*, No. CV-09-265-PHX-GMS, 2009 WL 4573234 (D. Ariz. 2009) (favoring MERS); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188–89 (N.D. Cal. 2009) (favoring MERS), *with, e.g., Mortg. Elec. Registration Sys., Inc. v. Sw. Homes of Ark.*, 301 S.W.3d 1 (Ark. 2009) (favoring borrower); *In re Agard*, No. 810-77338-reg (E.D.N.Y. Bankr. Feb. 10, 2011) (favoring borrower). *See also* Christopher L. Peterson, *Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System*, 78 U. Cin. L. Rev. 1359

ORDER, C09-0149-JCC
PAGE - 9

Case 2:09-cv-00146-JCC Document 75 Filed 03/16/11 Page 10 of 13

(2010). Nor will the Court discern, more narrowly, whether MERS may serve as a beneficiary under Washington's Deed of Trust Act. That answer remains patently unclear. *See* Certification Order, *Vinluan v. Fidelity National Title & Escrow Co.*, No. 10-2-27688-2 SEA (King Cnty. Superior Ct. Jan. 18, 2011). Because a state circuit court has recently certified this very question to the Washington Supreme Court, this Court declines to decide the issue before the Washington Supreme Court evaluates it.[4] *See Ojo v. Farmers Group, Inc.*, 600 F.3d 1205, 1210 (9th Cir. 2010) ("Because this question of Texas law is unsettled, and because the issue's resolution will have pervasive implications for future claims brought against Texas insurers, we have concluded that the appropriate course of action is to certify this issue to the Supreme Court of Texas. We stay further proceedings in this case pending resolution of our certified question.").

### F. Consumer Protection Act

Finally, Plaintiff alleges that Defendants violated the Consumer Protection Act ("CPA"). To state a claim under the CPA, Plaintiff must show (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the plaintiff in his or her business or property, and (5) which injury is causally linked to the unfair or deceptive act. *Griffith v. Centex Real Estate Corp.*, 969 P.2d 486, 492 (Wash. Ct. App. 1998).

MERS asserts that Plaintiff has not shown an unfair or deceptive practice on its part, has not shown how any act of MERS impacts the public interest, and presents nothing showing

---

[4] Although the Court does not yet decide whether Washington law permits MERS to serve as the beneficiary, the Court nonetheless dismisses any monetary-damages claim Plaintiff asserts under her third cause of action. Because Plaintiff's home has not been foreclosed, her claim is, in part, for the wrongful institution of a nonjudicial foreclosure proceeding. The Deed of Trust Act does not authorize a cause of action for damages for the wrongful institution of a nonjudicial foreclosure proceeding where no trustee's sale has occurred. *See, e.g., Vawter v. Quality Loan Serv. Corp.*, 707 F.Supp.2d 1115, 1123 (W.D. Wash. 2010). Plaintiff may, nonetheless, be entitled to injunctive relief, and the Court extends the state court's restraining order on the sale.

ORDER, C09-0149-JCC
PAGE - 10

Case 2:09-cv-00149-JCC   Document 155   Filed 08/10/11   Page 11 of 13

injuries caused by an unfair or deceptive practice by MERS. The Court disagrees. Like her other claims arising under the Deed of Trust Act, Plaintiff's CPA claims depend on whether MERS may be the beneficiary (or nominee of the beneficiary) under Washington state law. MERS's attempt to serve as the beneficiary may have been improper under state law and it may have led to widespread confusion regarding home ownership, payment delivery, and negotiable positions. If MERS violated state law, its conduct may very well be classified as "unfair" under the CPA. There is no doubt that MERS's conduct impacts the public interest. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 537–38 (Wash. 1986) (listing factors for determining public interest); Peterson, *supra*, at 1362 ("Although MERS is a young company, 60 million mortgage loans are registered on its system."); R. K. Arnold, *Yes, There Is Life on MERS*, 11 Prob. & Prop. 32, 33 (1997) ("Some have called MERS the most significant event for the mortgage industry since the formation of Fannie Mae and Freddie Mac. Others have compared it to the creation of uniform mortgage instruments, which have become standard throughout the residential mortgage industry. This suggests that the journey to MERS will have a tremendous effect on the mortgage industry."). And the harm Plaintiff may have suffered because of MERS's conduct may include expending resources to avert an unlawful foreclosure and preventing Plaintiff from identifying the real beneficiary and negotiating a new arrangement to avoid foreclosure.

The same reasoning applies to Regional, who also argued that Plaintiff cannot show an unfair or deceptive practice or show an impact on the public interest. Regional asserts that it acted appropriately because it was candid and forthcoming about its identity and its authority to conduct the foreclosure. That Regional was candid about its role is not dispositive. *See Carlile v. Harbour Homes, Inc.*, 194 P.3d 280, 289 (Wash. Ct. App. 2008) ("An unfair or deceptive act or practice need not be intended to deceive, it need only have the capacity to deceive a substantial portion of the public."). Moreover, just as MERS has its hands in countless home loans affecting the general public, so too does Regional play a key role in

ORDER, C09-0149-JCC
PAGE - 11

numerous foreclosure actions affecting the general public. MERS and Regional ultimately may bear no liability under the CPA, but this Court will await the state-court analysis before ruling on the parties' motions for summary judgment.[5]

III. CONCLUSION

Plaintiff admits that she has been delinquent in her mortgage payments. A ruling favorable to Plaintiff in this case and others like it cannot and should not create a windfall for all homeowners to avoid upholding their end of the mortgage bargain—paying for their homes. But a homeowner's failure to make payments cannot grant lenders, trustees, and so-called beneficiaries like MERS license to ignore state law and foreclose using any means necessary. Whether these and similar defendants complied with Washington state law remains unclear.

The Court GRANTS IN PART and DENIES IN PART Defendants' motions for summary judgment. The Court DISMISSES all claims against OneWest without prejudice. The Court DISMISSES Plaintiff's TILA claims against Deutsche Bank with prejudice. The Court DISMISSES Plaintiffs claims for intentional infliction of emotional distress against all Defendants with prejudice. The Court DISMISSES Plaintiff's claims for breach of fiduciary or quasi-fiduciary duty against Deutsche Bank and MERS with prejudice. The Court DISMISSES Plaintiff's CPA claim against Deutsche Bank.

The Court DENIES Regional's motion for summary judgment on Plaintiff's claim for breach of fiduciary or quasi-fiduciary duty. The Court DENIES MERS's and Regional's

---

[5] Deutsche Bank has satisfied the Court that federal law preempts Plaintiff's CPA claims against it because it acquired the promissory note from IndyMac. Plaintiff's one-paragraph, conclusory response to Deutsche Bank's detailed position is barely one step removed from having filed no response at all on that issue. See Local Rules W.D. Wash. CR 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Plaintiff's argument that Deutsche Bank is not a bank does not address Deutsche Bank's position that it acts no differently than the entity from which it purchased the promissory note. Plaintiff may be correct that federal law does not preempt in this case, but her response is insufficient for the Court on summary judgment to permit the claim to go forward against Deutsche Bank.

ORDER, C09-0149-JCC
PAGE - 12

motions for summary judgment on Plaintiff's CPA claim.

The Court STAYS this action pending the Washington Supreme Court's decision in *Vinluan v. Fidelity National Title & Escrow Co.*, No. 10-2-27688-2 SEA. Counsel for the parties shall notify the Court when the Washington Supreme Court decides whether to accept certification and, if so, when it renders an opinion.

DATED this 15th day of March 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE