# EXHIBIT D

THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

KRISTIN BAIN,

| CASE NO. C09-0149-JCC

10

Plaintiff,

| ORDER CERTIFYING QUESTION
TO THE WASHINGTON SUPREME
COURT

11

v.

12
13

METROPOLITAN MORTGAGE
GROUP INC. et al.,

14
15

Defendants.

16
17

KEVIN SELKOWITZ,

| CASE NO. 10-5523-JCC

18

Plaintiff,

19

v.

20
21

LITTON LOAN SERVICING LP et al.,

22

Defendants.

23

24 I.   **BACKGROUND**

25      This Court previously ordered the parties in *Bain v. Metropolitan Mortgage Group Inc.*,

26 No. C09-0149-JCC (W.D. Wash. removed Feb. 3, 2009), to show cause why this Court should

ORDER CERTIFYING QUESTION TO THE
WASHINGTON SUPREME COURT
PAGE - 1

1   not decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. In its order, the
2   Court asked the parties to identify whether Washington law addresses Mortgage Electronic
3   Registration Systems' (MERS)—and similar organizations'—ability to serve as the beneficiary
4   and nominee of the lender under Washington's Deed of Trust Act when it does not hold the
5   promissory note secured by the deed of trust. (Dkt. No. 130.) The Court also ordered the parties
6   to identify whether Washington law addresses the legal effect in a nonjudicial foreclosure of an
7   unauthorized beneficiary's appointment of a successor trustee. (*Id.*) The parties' responses
8   demonstrated that Washington law does not specifically address these issues.

9          This Court later learned that a Washington Superior Court certified to the Washington
10  Supreme Court similar (if not identical) questions involving MERS's role in the foreclosure
11  process, namely, whether MERS was a lawful beneficiary under Washington's Deed of Trust
12  Act and, if not, the resulting legal effect of the unlawful beneficiary. This Court stayed its cases
13  involving MERS pending resolution by the Washington Supreme Court. *Bain v. Metropolitan*
14  *Mortgage Group Inc.*, No. C09-0149-JCC (W.D. Wash. removed Feb. 3, 2009) (Dkt. No. 155);
15  *Selkowitz v. Litton Loan Servicing LP*, No. C10-5523-JCC (W.D. Wash. removed July 27, 2010)
16  (Dkt. No. 39).

17         On April 25, 2011, the Commissioner of the Washington Supreme Court, Steven Goff,
18  entered a ruling denying discretionary review of the Superior Court's certified question. Under
19  Washington Rule of Appellate Procedure 2.3(a), "a party may seek discretionary review of any
20  act of the superior court not appealable as a matter of right." The Commissioner concluded that
21  because the Superior Court had not yet ruled on the merits of the MERS issue, there was no "act"
22  of the Superior Court on which to seek discretionary review.

23         Although the Superior Court's certification was not the proper vehicle for review by the
24  Washington Supreme Court, the Commissioner described both the importance of the legal
25  questions posed by the Superior Court as well as the probability that the Washington Supreme
26  Court would eventually address the issue:

1

2

3

4

    I agree with Mr. Vinluan that whether MERS can be a deed of trust beneficiary under Washington law is an important issue that deserves resolution, probably by this court. It appears that there is considerable ongoing foreclosure litigation on the point in both state and federal courts, with no authority from this court [or] the Court of Appeals to guide those decisions.

5  *Vinluan v. Fidelity Nat'l Title & Escrow Co.*, No. 85637-1, at *4 (Wash. Apr. 25, 2011) (ruling

6  denying review).[1]

7  **II.**   **CERTIFICATION**

8     Pursuant to Washington Revised Code section 2.60.020,

9

10

11

12

    When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

13  The certification process serves the important judicial interests of efficiency and comity. As

14  noted by the United States Supreme Court, certification saves "time, energy, and resources and

15  helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391

16  (1974). Because this matter involves important and far-reaching issues of first impression

17  regarding MERS's ability to serve as the beneficiary and nominee of the lender under

18  Washington's Deed of Trust Act, this matter should be presented for expedited review to the

19  Washington Supreme Court. The following questions are hereby certified to the Washington

20  Supreme Court:

21

22

23

  1.  Is Mortgage Electronic Registration Systems, Inc., a lawful "beneficiary" within the terms of Washington's Deed of Trust Act, Revised Code of Washington section 61.24.005(2), if it never held the promissory note secured by the deed of trust?

24

25

26     [1] The Commissioner also noted that this Court had stayed its cases pending the Washington Supreme Court's decision whether to accept certification from the Superior Court.

PAGE - 3

1      2. If so, what is the legal effect of Mortgage Electronic Registration Systems,
2         Inc., acting as an unlawful beneficiary under the terms of Washington's Deed
          of Trust Act?

3      3. Does a homeowner possess a cause of action under Washington's Consumer
4         Protection Act against Mortgage Electronic Registration Systems, Inc., if
          MERS acts as an unlawful beneficiary under the terms of Washington's Deed
5         of Trust Act?

6        This Court does not intend its framing of the questions to restrict the Washington

7 Supreme Court's consideration of any issues that it determines are relevant. If the Washington

8 Supreme Court decides to consider the certified questions, it may in its discretion reformulate the

9 questions. *See Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir.

10 2009). Further, this Court leaves to the sound discretion of the Washington Supreme Court the

11 choice of which of the two (or both) of the above-captioned cases it believes serves as the

12 preferable vehicle through which to resolve the questions posed.

13        The Clerk of Court is directed to submit to the Washington Supreme Court certified

14 copies of this Order; a copy of the docket in the above-captioned matters; Docket Numbers 1, 10,

15 21, 22, 24, 30, 31, 39, 41, 42, 44, 48, 57, 62, 65–69, 77, 79, 80, 82, 86–88, 90, 91, 94, 96, 98, 99,

16 102, 104, 107–109, 111, 112, 116–118, 120, 122, 123, 128, 130, 131, 132, 138–146, 148, 149,

17 153, 155, and 156 in Case No. 09-0149-JCC; and Docket Numbers 7–9, 12–17, 20–31, 33, and

18 38 in Case No. C10-5523-JCC. The record so compiled contains all matters in the pending

19 causes deemed material for consideration of the local-law questions certified for answer.

20        This Court STAYS these actions until the Washington Supreme Court answers the

21 certified questions.

22        DATED this 24th day of June 2011.

23

24

25

26                             John C. Coughenour
                                UNITED STATES DISTRICT JUDGE