The Honorable John C. Coughenour

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

18

| CLAUDIA M. FLOREZ, and JULIO C. FLOREZ, husband and wife; and HERNANDO AMAYA GIL, a single man all as joint tenants,<br><br>Plaintiffs,<br><br>v.<br><br>ONEWEST BANK, F.S.B., NORTHWEST TRUSTEE SERVICES, INC., and MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. C11-02088 JCC<br><br>DEFENDANTS ONEWEST BANK, F.S.B., AND MORTGAGE ELECTRONIC REGISTRATOIN SYSTEMS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS<br><br>**Noted on Motion Calendar: February 10, 2012** |

19

20

21

22

23

24

25

26

27

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS.,
INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 1
DWT 19005162v2 0092420-000003

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF REPLY ..................................................................5

II. ARGUMENT...................................................................................................................5

    A.   Plaintiffs Do Not Dispute that OneWest Bank Had Authority to Foreclose Independent of MERS Because It Held Their Note. ..................................................................................5

    B.   Plaintiffs Do Not Meaningfully Respond to Defendants' MERS Arguments. ....................6

    C.   Plaintiffs Identify No Facts Supporting Their Emotional Distress Claim...........................10

    D.   Plaintiffs Cannot Establish Essential CPA Elements. .......................................................10

    E.   Plaintiffs Cannot Establish Essential Elements of Their Fraud Claim...............................11

III. CONCLUSION .............................................................................................................12

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS.,
INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 2
DWT 19005162v2 0092420-000003

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ................................................................................ passim

*Bain v. Metro. Mortg. Inc.,*
    2010 WL 891585 (W.D. Wash. 2010) ...................................................................... 9

*Bain v. OneWest Bank, F.S.B.,*
    2011 WL 917385 (W.D. Wash. 2011) ................................................................ 7, 11

*Bhatti v. Guild Mortg. Co.,*
    2011 WL 6300229 (W.D. Wash. 2011) ..................................................................... 8

*Cervantes v. Countrywide Home Loans, Inc.,*
    656 F.3d 1034 (9th Cir. 2011) ......................................................................... passim

*Chua v. IB Prop. Holdings, LLC,*
    2011 WL 3322884 (C.D. Cal. 2011) ........................................................................ 9

*Clegg v. Cult Awareness Network,*
    18 F.3d 752 (9th Cir. 1994) ..................................................................................... 9

*Corales v. Flagstar Bank, FSB,*
    --- F. Supp. 2d ---, 2011 WL 4899957 (W.D. Wash. 2011) ..................................... 8

*Daddabbo v. Countrywide Home Loans, Inc.,*
    2010 WL 2102486 (W.D. Wash. 2010) ................................................................... 8

*Frame v. Cal-W. Reconveyance Corp.,*
    2011 WL 3876012 (D. Ariz. 2011) .......................................................................... 9

*Hooker v. Northwest Trustee Services, Inc.,*
    2011 WL 2119103 (D. Or. 2011) ........................................................................... 10

*In re Mortg. Elec. Reg. Sys.,*
    2011 WL 4550189 (D. Ariz. 2011) .......................................................................... 9

*Klinger v. Wells Fargo Bank, N.A.,*
    2010 WL 5138478 (W.D. Wash. 2010) ............................................................. 8, 11

*Malone v. Nuber,*
    2009 WL 481285 (W.D. Wash. 2009) ..................................................................... 9

*Moss v. U.S. Secret Serv.,*
    572 F.3d 962 (9th Cir. 2009) .................................................................................. 6

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS.,
INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 3
DWT 19005162v2 0092420-000003

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Pitner v. Northland Grp. Inc.*,
  2012 WL 254035 (W.D. Wash. 2012) ................................................................. 12

*Salmon v. Bank of Am. Corp.*,
  2011 WL 2174554 (E.D. Wash. 2011) ................................................................... 8

*Treece v. Fieldston Mortg. Co.*,
  2012 WL 123042 (W.D. Wash. 2012) ..................................................................... 8

*Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115 (W.D. Wash. 2010) ........... 8

**OTHER CASES**

*Bank of N.Y. v. Mulligan*,
  2008 N.Y. Slip. Op. 31501 (N.Y. Sup. June 3, 2008) .......................................... 11

*Cox v. Helenius*,
  103 Wn.2d 383 (1985) ............................................................................ 10

*Deutsche Bank Nat'l Trust Co. v. Castellanos*,
  856 N.Y.S.2d 497, 2008 WL 123798 (N.Y. Sup. Jan. 14, 2008) .................................... 11

*HSBC Bank USA, N.A. v. Cherry*,
  856 N.Y.S.2d 24, 2007 WL 4374284 (N.Y. Sup. Dec. 17, 2007) ................................... 11

**OTHER STATUTES**

RCW 19.144.080 ...................................................................................... 12

RCW 61.24.005(2) ............................................................................... 6, 7, 12

RCW 61.24.010(2) ..................................................................................... 7

RCW 61.24.030(8) ..................................................................................... 7

RCW 62A.3-301 ........................................................................................ 7

**RULES**

Rule 12 .............................................................................................. 9

Rule 12(b)(6) ........................................................................................ 9

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS.,
INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 4
DWT 19005162v2 0092420-000003

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# I.  INTRODUCTION AND SUMMARY OF REPLY

In their Opposition, Plaintiffs fail to meaningfully respond to Defendants' Motion and instead, focus on issues that have no bearing on the claims, facts, or parties before the Court.  Yet despite the distraction, Plaintiffs ***do not dispute*** the facts that matter:  (1) Plaintiffs signed the Deed of Trust identifying MERS as the beneficiary and as nominee for the lender and its assigns; (2) Plaintiffs signed the Note secured by the Deed of Trust; (3) OneWest Bank has held Plaintiffs' Note since March 2009; (4) Plaintiffs defaulted in October 2010 and never cured that default; (5) Plaintiffs did not seek to restrain the sale; and (6) the property was sold.  Rather than dispute these outcome-determinative facts, Plaintiffs direct the Court to documents that have nothing to say about these Plaintiffs, their loan, or this foreclosure action, and contend they have stated plausible claims for relief simply because they say so.  But "[a] claim has facial plausibility … when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (emphasis added) (*cited in* Opp. at 2).  Plaintiffs do not and cannot meet this standard.  The Court should grant Defendants' Motion for the reasons stated here and in its opening motion.

# II.  ARGUMENT

## A.  Plaintiffs Do Not Dispute that OneWest Bank Had Authority to Foreclose Independent of MERS Because It Held Their Note.

Defendants showed in their Motion that OneWest Bank has held Plaintiffs' Note since March 18, 2009, when the FDIC as conservator for IndyMac Federal Bank, FSB, entered into a Master Purchase Agreement with OneWest to sell some assets of IndyMac.  Mot. at 3-4 (citing Master Purchase Agreement).  ***Plaintiffs do not dispute this fact*** and thereby concede that OneWest Bank held their note ***two years before*** it initiated nonjudicial foreclosure proceedings in February and March 2011.  Mot. at 4.  Plaintiffs also do not dispute that because OneWest Bank held their Note, it held equitable title to the Deed of Trust by operation of law.  *Id.* (citing RCW 61.24.005(2) (defining "beneficiary" as "holder of the instrument … secured by the deed of trust")); *see also id.* at 12-13.  And Plaintiffs do not dispute that OneWest, as a beneficiary under the Deed of Trust Act, had authority to foreclose and to appoint Northwest Trustee Services

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS.,
INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 5
DWT 19005162v2 0092420-000003

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

("NWT") as the successor trustee.  *See* RCW 61.24.030(8); RCW 61.24.010(2) (beneficiary may appoint trustee); RCW 62A.3-301 (note holder entitled to enforce instrument).  Thus, OneWest Bank held the Note and had authority to initiate foreclosure and appoint the trustee independent of MERS.  Because Plaintiffs base their wrongful foreclosure claim ***solely*** on MERS's status under the Deed of Trust, and because OneWest Bank had authority to foreclose regardless of MER's status, Plaintiffs' wrongful foreclosure claim fails, and the Court should dismiss it.

That OneWest Bank undisputedly held Plaintiffs Note since March 2009 and thus, had authority to appoint NWT as trustee and initiate foreclosure in February and March 2011, independent of MERS, renders this case unlike *Bain v. OneWest Bank, F.S.B.*, 2011 WL 917385 (W.D. Wash. 2011).  *See* Opp. at 6-7; Compl. ¶ 26.  In *Bain*, no defendant established it held the note at foreclosure giving it beneficiary status under RCW 61.24.005(2).  *See Bain v. Metro. Mortg. Group Inc.*, 2011 WL 917385, *6 (W.D. Wash. 2011).  Instead, plaintiff there alleged that Deutsche Bank was the Note holder, and that IndyMac's right to appoint the successor Trustee to initiate foreclosure was based solely on MERS's assignment of the deed of trust to IndyMac.  *Id.* Under those circumstances, the Court concluded the question of wrongful initiation of foreclosure turned on whether IndyMac properly appointed the trustee, since IndyMac's authority apparently stemmed solely from MERS's assignment of the deed of trust.  *See id.* at *5-6.  Although Defendants believe that Washington law (and persuasive Ninth Circuit authority in *Cervantes*, post-dating *Bain*) overwhelmingly supports MERS's rights to act as beneficiary and assign the Deed of Trust, Defendants need not rely on MERS's assignment to have the right to foreclose. Here, unlike in *Bain*, OneWest Bank has established, and ***Plaintiffs have not disputed***, that (1) it has held Plaintiffs' Note since March 2009, and (2) this fact confirms that OneWest Bank has authority to foreclose under the Deed of Trust Act, regardless of MERS.  Thus, Plaintiffs' wrongful foreclosure claim fails.

### B.   Plaintiffs Do Not Meaningfully Respond to Defendants' MERS Arguments.

Plaintiffs agree they signed the Deed of Trust designating MERS as the beneficiary and nominee for Lender.  Opp. at 2; Mot., Ex. B.  As Defendants showed in their Motion, "[t]his court

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS., INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 6
DWT 19005162v2 0092420-000003

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    has repeatedly rejected the argument that MERS is not a proper beneficiary under a Deed of Trust

2    where the plaintiff has executed a deed which expressly acknowledges MERS's status as a

3    beneficiary." *Corales v. Flagstar Bank, FSB*, --- F. Supp. 2d ---, 2011 WL 4899957, *5 (W.D.

4    Wash. 2011); Mot. at 9-10 (citing *Salmon v. Bank of Am. Corp.*, 2011 WL 2174554, *8 (E.D.

5    Wash. 2011); *Klinger v. Wells Fargo Bank, N.A.*, 2010 WL 5138478, *7 (W.D. Wash. 2010);

6    *Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL 2102486 (W.D. Wash. 2010 (same);

7    *Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1125-26 (W.D. Wash. 2010)

8    (same). ***Plaintiffs agree*** these cases hold "that MERS can act as beneficiary under the

9    Washington Deed of Trust Act."  Opp. at 2.  On this basis, alone, the Court should dismiss

10   Plaintiffs' complaint, as Plaintiffs base all their claims on their position that MERS was not a

11   valid beneficiary under the Deed of Trust.  *See generally* Opp. at 2-10 (listing MERS's role under

12   Deed of Trust as source of wrongful foreclosure, emotional distress, CPA, and fraud claims).

13         Plaintiffs attempt to circumvent the weight of authority in this district by asking this Court

14   to take judicial notice of a Consent Decree, dated April 13, 2011, describing activities unrelated to

15   Plaintiffs, their loan, or their foreclosure.  Opp. at 2-6; Plfs. RJN, Ex. A; Compl. ¶ 23.  According

16   to Plaintiffs, this 2011 Consent Decree effectively supersedes *Vawter* and *Daddabbo*.  Opp. at 2-

17   3, 6.  Even if the Consent Decree had any bearing on the parties, claims, or facts before this Court,

18   which it does not, *see* Mot. at 7 n.4, Plaintiffs' argument overlooks the fact that ***after*** the Consent

19   Decree, several courts in this district ***and*** the Ninth Circuit confirmed that MERS is a valid

20   beneficiary when, as here, the parties agree to its status as such by signing the deed of trust.  *See*

21   *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) ("By signing

22   the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents."); *Corales*,

23   2011 WL 4899957, *5 (citing cases); *Treece v. Fieldston Mortg. Co.*, 2012 WL 123042, *5 (W.D.

24   Wash. 2012) (same; citing cases); *Bhatti v. Guild Mortg. Co.*, 2011 WL 6300229, *5 (W.D.

25   Wash. 2011) (same; citing cases).[1]

26   _____
     [1] Plaintiffs effectively admit the Consent Decree has nothing to say about the parties, claims, and facts before the
27   Court by indicating they intend to engage in a fishing expedition to find out if the Decree might form a basis for a
     claim.  Opp. at 6 n.1.  But Plaintiffs must allege ***facts*** stating a plausible claim; Plaintiffs cannot file a lawsuit based

DEFS. ONENEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS.,
INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 7
DWT 19005162v2 0092420-000003

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Even if Plaintiffs had not signed their Deed of Trust agreeing to MERS's status as beneficiary, they still ***do not dispute*** that they lack standing to challenge MERS's Assignment of the Deed of Trust to OneWest Bank. *See* Mot. at 10-11 (citing *In re Mortg. Elec. Reg. Sys. (MERS) Litig.*, 2011 WL 4550189, *5 (D. Ariz. 2011)).  By failing to respond to this argument, Plaintiffs have conceded the point. *See* LCR 7(b)(2).  Because Plaintiffs premise all their claims on MERS's authority to execute the Assignment of the Deed of Trust, and because Plaintiffs accept that they lack standing to challenge the Assignment, the Court should dismiss Plaintiffs' complaint. *See generally* Opp. at 2-10 (identifying Assignment as source of wrongful foreclosure, emotional distress, CPA, and fraud claims).

In addition, Plaintiffs identify ***no facts*** supporting their speculative conclusions that Brian Burnett lacked authority to execute the Assignment of Deed of Trust because he was both an officer of MERS and an employee of OneWest Bank.  Opp. at 7-8.  Courts agree the mere fact a bank employee also serves as a MERS officer does not give rise to a cognizable claim.  *See Bain v. Metro. Mortg. Inc.*, 2010 WL 891585, *5 (W.D. Wash. 2010); *Chua v. IB Prop. Holdings, LLC*, 2011 WL 3322884, *2 (C.D. Cal. 2011) ("[T]o the extent that Plaintiffs take issue with [MERS certifying officer's] dual position, Plaintiffs have not identified a relevant legal authority prohibiting one individual from working for both CitiMortgage and MERS or from acting as an agent for both.").  *Cf. Cervantes*, 656 F.3d at 1040 (taking no issue with fact MERS "relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS").  As Defendants showed in their Motion, courts regularly reject speculative arguments, like Plaintiffs' here, that the same person cannot serve as a MERS officer and a bank employee at the same time.  Mot. at 12 n.5 (citing numerous cases); *see also Malone v. Nuber*, 2009 WL 481285, *2 (W.D. Wash. 2009) ("the Court is not required to accept plaintiffs' legal conclusion" about the existence of "an agency relationship" as true on Rule 12 motion) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994)); *see also Frame v.

on legal conclusions and speculation to find out if they have a claim and if so, what that claim is.  *See Iqbal*, 129 S. Ct. at 1949 (plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to defeat a Rule 12(b)(6) motion).

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS.,
INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 8
DWT 19005162v2 0092420-000003

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Cal-W. Reconveyance Corp.*, 2011 WL 3876012, *10 (D. Ariz. 2011) (granting motion to dismiss and rejecting "bald contentions" that people signing for MERS lacked authority to do so).

Moreover, Plaintiffs ***fail to respond*** to Defendants' argument that Mr. Burnett's status as an employee of OneWest Bank and an officer of MERS is not material. Mot. at 12. In fact, Plaintiffs do not dispute the ***only*** material facts: (1) they signed the Deed of Trust designating MERS as the beneficiary and nominee of the lender; (2) OneWest Bank has held their Note since March 2009; (3) they defaulted on their loan in October 2010; (4) they failed to cure their default; and (5) they failed to restrain the foreclosure sale. Nor do Plaintiffs dispute they received all the proper foreclosure notices, or that OneWest was entitled to foreclose as a result of Plaintiffs' default. Plaintiffs' speculations and conclusions about Mr. Burnett cannot save their complaint from dismissal. *See Iqbal*, 129 S. Ct. at 1950.

The cases Plaintiffs cite do not save their claims. Contrary to Plaintiffs' assertion, *Cox v. Helenius*, 103 Wn.2d 383 (1985), does not support the conclusion MERS is not a valid beneficiary when (as here) the parties so agree. Opp. at 6. *Cox* presented the issue whether the trustee violated its fiduciary duty under the former Deed of Trust Act (which then imposed a fiduciary duty on the trustee) when, among other things, it sold the property for a "grossly inadequate" price. 103 Wn.2d at 384-85, 388-89. Plaintiffs do not allege NWT sold the property in this case for a "grossly inadequate" price, and do not dispute that OneWest Bank had authority to appoint NWT as the trustee. In fact, Plaintiffs allege ***no facts*** showing MERS's status as beneficiary caused them injury in any way—and nor could they, as Plaintiffs agreed to this very arrangement by signing the Deed of Trust. *See Cervantes*, 656 F.3d at 1042.

Plaintiffs' reliance on *Hooker v. Northwest Trustee Services, Inc.*, 2011 WL 2119103 (D. Or. 2011), likewise gets them nowhere. Whereas Oregon law requires recording any intervening assignments of the Deed of Trust, Washington law does not. And even if Washington's law were otherwise, Plaintiffs do not dispute that the relevant assignment was recorded in this case.

And Plaintiffs' unpublished New York state court decisions are inapposite because they involved ***judicial*** foreclosures in New York, in which the foreclosing party must meet certain

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS., INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 9
DWT 19005162v2 0092420-000003

1  statutory affidavit requirements not applicable here.  *See* Opp. at 8 (citing *Bank of N.Y. v.*

2  *Mulligan*, 2008 N.Y. Slip. Op. 31501 (N.Y. Sup. June 3, 2008) (bank effectively admitted it did

3  not hold note and had not been assigned deed of trust when it filed foreclosure action); *HSBC*

4  *Bank USA, N.A. v. Cherry*, 856 N.Y.S.2d 24, 2007 WL 4374284, *1 (N.Y. Sup. Dec. 17, 2007)

5  (bank failed to meet statutory affidavit requirements to foreclose judicially); *Deutsche Bank Nat'l*

6  *Trust Co. v. Castellanos*, 856 N.Y.S.2d 497, 2008 WL 123798, *1 (N.Y. Sup. Jan. 14, 2008)

7  (bank that no longer held note and had assigned mortgage no longer had standing to pursue

8  judicial foreclosure action)).

9     **C.      Plaintiffs Identify No Facts Supporting Their Emotional Distress Claim.**

10        In their Motion, Defendants argued Plaintiffs failed to allege facts establishing the

11  essential elements of intentional infliction of emotional distress.  Mot. at 17-18.  In response,

12  Plaintiffs assert, in conclusory fashion, that "[b]y assigning a piece of property to itself, the

13  plaintiffs were left in a position of not knowing the identity of the rightful beneficiary of their

14  home."  Opp. at 8.  Even assuming Plaintiffs had alleged facts supporting this assertion, Plaintiffs

15  identify no facts showing this alleged conduct caused them "severe emotional distress."  *Klinger*,

16  2010 WL 5138478, *6.  Defendants showed that courts in this district have repeatedly dismissed

17  outrage claims based on conclusory allegations of improper foreclosure, like Plaintiffs'

18  allegations here.  Mot. at 17-18 & n.6 (citing numerous cases); *see also Bain*, 2011 WL 2917385,

19  *4-5 (dismissing distress claims based on allegations of wrongful initiation of foreclosure).

20  Instead of responding to these authorities, Plaintiffs announce they have "met each of the required

21  elements."  Opp. at 8.  But Plaintiffs cannot defeat dismissal by simply asserting such "unadorned,

22  defendant-unlawfully-harmed-me accusation[s]."  *Iqbal*, 129 S. Ct. at 1949.  Because Plaintiffs do

23  not and cannot state a claim for intentional infliction of emotional distress, the Court should

24  dismiss this claim.

25     **D.      Plaintiffs Cannot Establish Essential CPA Elements.**

26        The Court should dismiss Plaintiffs' CPA claim because Plaintiffs base it on MERS's

27  status as beneficiary and its authority to execute the Assignment of Deed of Trust, yet Plaintiffs

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS.,
INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 10
DWT 19005162v2 0092420-000003

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   **do not dispute** they agreed to that very arrangement under the Deed of Trust.  Opp. at 9, 2;

2   Compl. ¶¶ 56-66.  Because Plaintiffs agreed to and had notice of MERS's role as beneficiary and

3   nominee for lender, Plaintiffs cannot show Defendants deceived, misled, or misinformed them

4   about MERS's role in their home loan.  *See Cervantes*, 656 F.3d at 1042 ("In light of the explicit

5   terms of the standard deed [plaintiffs signed], it does not appear that the plaintiffs were

6   misinformed about MERS's role in their home loans."; affirming dismissal of fraud claim without

7   leave to amend).  To the extent Plaintiffs base their CPA claim on OneWest Bank's status as

8   beneficiary, that too fails, as Plaintiffs **do not dispute** that OneWest Bank held their Note at

9   foreclosure and thus, was the beneficiary by operation of law, under RCW 61.24.005(2).  And

10  Plaintiffs cannot assert a claim for CPA unfairness, as they do not identify a legislatively-declared

11  per se unfair practice.  Opp. at 9.

12      Even if Plaintiffs could show Defendants engaged in a deceptive act or practice (which

13  they cannot), Plaintiffs still could not show any such conduct caused them injury.  Defendants

14  explained Plaintiffs' own default caused the sole injury they identify—the loss of their home.

15  Mot. at 20.  In their Opposition, Plaintiffs fail to allege any facts identifying any injury

16  Defendants caused. Opp. at 9; *see also Pitner v. Northland Grp. Inc.*, 2012 WL 254035, *3 (W.D.

17  Wash. 2012) (allegation plaintiffs "were unable to figure out … what was going on" with lender

18  insufficient to show injury).  Plaintiffs' assertion they "have definitely asserted a Consumer

19  Protection Act claim" does not make it so.  Opp. at 9; *see Iqbal*, 129 S. Ct. at 1949.

20      **E.      Plaintiffs Cannot Establish Essential Elements of Their Fraud Claim.**

21      Plaintiffs do not address and thus appear to have abandoned any statutory fraud claim

22  based on RCW 19.144.080.  Opp. at 9-10.  Plaintiffs have also stated they will voluntarily dismiss

23  their criminal fraud claim.  *Id.* at 10.  As a result, Plaintiffs continue to assert only a single

24  common law fraud claim.  *Id.* at 9-10.  Even if Plaintiffs had met their heightened pleading

25  standard in their Opposition (which they did not), they still fail to identify a single material fact

26  that is untrue.  Although they dispute the Assignment of the Deed of Trust from MERS to

27  OneWest Bank, they **do not dispute** that OneWest Bank was a valid beneficiary under

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS.,
INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 11
DWT 19005162v2 0092420-000003

Washington law because it held Plaintiffs' Note at foreclosure.  Opp. at 10:1-2.  And although they complain that the Assignment was invalid because Mr. Burnett served as an employee of OneWest Bank and an officer of MERS, they ***do not dispute*** that they agreed to MERS's role as the beneficiary under the deed of trust.  Opp. at 10:2-5.  Because Plaintiffs agreed to and had notice of MERS's role as beneficiary and nominee for the lender under the Deed of Trust, they cannot show they "were misinformed about MERS's role in their home loans."  *Cervantes*, 656 F.3d at 1042 (affirming dismissal of fraud claims with prejudice based on same allegations).

Nor can Plaintiffs establish detrimental reliance.  Regarding this element, Plaintiffs contend only that they "had no choice but to face OneWest's foreclosure."  Opp. at 10.  But Plaintiffs nowhere claim they did not receive the proper foreclosure notices, which informed Plaintiffs of their right to seek a court order restraining the sale.  Mot., Ex. C.  And Plaintiffs ***do not dispute*** that they defaulted and never cured their default, entitling OneWest (as the Note holder) to foreclose.  Finally, as Defendants explained in their Motion, Plaintiffs' sole claimed injury—the loss of their home—resulted from Plaintiffs' own default, not from any conduct by Defendants.  Mot. at 22.  Plaintiffs do not dispute this, thereby conceding the point.

## III.  CONCLUSION

For the reasons stated here and in Defendants' Motion to Dismiss, Defendants respectfully request that the Court grant its Motion and dismiss the complaint without leave to amend.

DATED this 10th day of February, 2012.

Davis Wright Tremaine LLP
*Attorneys for OneWest Bank, F.S.B., and*
*Mortgage Electronic Registration Systems, Inc.*

By */s/ Rebecca Francis*
Fred Burnside, WSBA #32491
Rebecca Francis, WSBA #41196
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone:  206-622-3150
Facsimile:  206-757-7700
E-mail: fredburnside@dwt.com
E-mail: rebeccafrancis@dwt.com

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS.,
INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS
(C11-02088 JCC) — 12
DWT 19005162v2 0092420-000003

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

<u>CERTIFICATE OF SERVICE</u>

1

2      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

3   the CM/ECF system which will send notification of such filing to the following:

4

5      Charles M. Greenberg:          triad@triadlawgroup.com

6      Heidi E. Buck:                 hbuck@rcolegal.com
                                      buck4343@gmail.com
7                                     tkwong@rcolegal.com

8      Lance E. Olsen                 lolsen@rcolegal.com

9

10     Declared under penalty of perjury under the laws of the state of Washington dated at

11  Seattle, Washington this 10th day of February, 2012.

12
                                      Davis Wright Tremaine LLP
13                                    *Attorneys for OneWest Bank, F.S.B., and*
                                      *Mortgage Electronic Registration Systems, Inc.*
14

15                                    By */s/ Rebecca Francis*
                                      Rebecca Francis, WSBA #41196
16                                    1201 Third Avenue, Suite 2200
                                      Seattle, WA  98101-3045
17                                    Telephone:  206-622-3150
                                      Facsimile:   206-757-7700
18                                    E-mail: rebeccafrancis@dwt.com

19

20

21

22

23

24

25

26

27

DEFS. ONEWEST BANK, F.S.B., AND MORTG. ELEC. REGISTRATION SYS.,
INC.'S REPLY IN SUPPORT OF MOT. TO DISMISS                          Davis Wright Tremaine LLP
(C11-02088 JCC) — 13                                                      LAW OFFICES
DWT 19005162v2 0092420-000003                                   Suite 2200 · 1201 Third Avenue
                                                                 Seattle, Washington 98101-3045
                                                                (206) 622-3150 · Fax: (206) 757-7700