THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAUDIA M. FLOREZ and JULIO C. FLOREZ, husband and wife and HERNANDO AMAYA GIL, a single man all as joint tenants,<br><br>Plaintiffs,<br><br>v.<br><br>ONEWEST BANK, F.S.B.; NORTHWEST TRUSTEE SERVICES, INC.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>Defendants. | CASE NO. C11-2088-JCC<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendants OneWest Bank, F.S.B. and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss (Dkt. No. 11), which Defendant Northwest Trustee Services, Inc. has joined in (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion to dismiss (Dkt. No. 11) for the reasons explained herein.

I.   BACKGROUND

Plaintiffs filed this action seeking to challenge the nonjudicial foreclosure and sale of their property. In January 2007, Plaintiffs borrowed $391,992 to buy residential property pursuant to a mortgage promissory note ("Note"). The Note was secured by a recorded Deed of

Trust, which grants the beneficiary the right to foreclose and sell the property in the event of default by the borrower. (Dkt. No. 11 at 42.) The parties agreed that MERS would act as the beneficiary, acting solely as a nominee for the lender and its successors and assigns. (Dkt. No. 11 at 41.)

In October 2010, Plaintiffs stopped making payments on the Note. On March 24, 2011, Defendant Northwest Trustee Services, Inc. ("Northwest") issued and recorded a Notice of Trustee's Sale, acting at the direction of the holder of the Note, OneWest Bank, F.S.B. ("OneWest"). Plaintiffs did not attempt to restrain the sale. In October 2011, Plaintiffs' property was sold as a result of their default.

Subsequently, Plaintiffs brought five claims for (1) wrongful foreclosure; (2) infliction of emotional distress; (3) violation of the Washington Consumer Protection Act; (4) fraudulent misrepresentation; and (5) criminal fraud. Plaintiffs have since agreed to voluntarily dismiss the criminal fraud claim. (Dkt. No. 14 at 10.)

## II. DISCUSSION

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 874 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint has stated a claim "plausible on its face" when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In reviewing a defendant's motions to dismiss, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiffs. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

### B. Plaintiff's Claims

Plaintiffs do not contest most of the relevant facts here. Rather, Plaintiff bases its claims on the notion that MERS is not a viable entity holding legitimate beneficial interest, and that

therefore any assignment made by MERS is invalid. (*See* Dkt. No. 14 at 1.) There are two key defects in Plaintiffs' logic.

First, the situation at issue here is unlike the situation in *Bain v. Metro. Mortg. Group Inc.*, No. 09-0149-JCC, 2011 WL 917385 (W.D. Wash. Mar. 15, 2011). In *Bain*, the alleged authority to foreclose was based solely on MERS's assignment of the deed of trust, rather than on possession of the Note. Here, however, the undisputed facts establish that OneWest had authority to foreclose, independent of MERS, since OneWest held Plaintiffs' Note at the time of foreclosure.

Second, Plaintiffs err in their conclusion as to the status of MERS in this situation. Here, it is undisputed that Plaintiffs signed a Deed of Trust designating MERS as the beneficiary and nominee for the lender. (Dkt. No. 14 at 2.) This expression of consent is crucial as courts in this District have consistently rejected the argument that MERS is not a proper beneficiary under a Deed of Trust where the plaintiff has executed a deed which expressly acknowledges MERS's status as a beneficiary. *See, e.g.*, *Corales v. Flagstart Bank, FSB*, __ F. Supp. 2d. __, 2011 WL 4899957, at *5 (W.D. Wash. 2011); *Klinger v. Wells Fargo Bank, N.A.*, No. 10-5546-RJB, 2010 WL 5138478, at *7 (W.D. Wash. Dec. 9, 2010).

Accordingly, since Plaintiffs' claims are all founded on the erroneous premises that (1) the foreclosure was dependent on MERS's assignment and (2) that MERS was not a valid beneficiary under the applicable Deed of Trust, the Court hereby DISMISSES Plaintiffs' claims.

//
//
//
//
//
//

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' motion to dismiss (Dkt. No. 11). Plaintiffs' claims are DISMISSED, and the Clerk is directed to CLOSE this case.

DATED this 3rd day of April 2012.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE